**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ROMAEL LOPEZ ZACARIAS,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   16-70473<br><br>Agency No. A088-890-770<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022[**]
San Francisco, California

Before:  S.R. THOMAS and McKEOWN, Circuit Judges, and ORRICK,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

Romael Lopez Zacarias petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") denial of his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Where, as here, the BIA cites its decision in *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), "and does not express disagreement with any part of the IJ's decision, the BIA adopts the IJ's decision in its entirety" and so we review "the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir. 2005) (en banc) (quoting *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004)). We review the denial of "withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citations omitted)).

I

Substantial evidence supports the IJ's denial of withholding of removal. Lopez Zacarias challenges the IJ's findings on only two out of three incidents that form the factual grounds for his application.

## A

Substantial evidence supports the IJ's finding of no past persecution based on the incident involving Lopez Zacarias's ex-girlfriend's brother, Francisco Rodas.

Substantial evidence supports the IJ's adverse credibility determination. The IJ noted that Lopez Zacarias's testimony at the hearing which attributed Francisco's attack to a personal vendetta was inconsistent with his testimony about the incident as declared to a Guatemalan justice of the peace. The IJ provided Lopez Zacarias with an opportunity to explain this inconsistency, and reasonably rejected as unbelievable his claim that the police left out certain details that he reported to them. *See Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir. 2004) (IJ was required to give applicant opportunity to explain inconsistency in order to base adverse credibility on that ground).

The IJ also reasonably noted that Lopez Zacarias entirely failed to mention Francisco Rodas's assault during his reasonable fear interview. Because that interview contains indicia of reliability, *Singh v. Gonzales*, 403 F.3d 1081, 1089–90 (9th Cir. 2005), and the omission was material, *Iman v. Barr*, 972 F.3d 1058, 1067–68 (9th Cir. 2020), substantial evidence supports this ground.

Substantial evidence also supports the IJ's conclusion that intimate partners of Glendy Rodas does not constitute a particular social group. Lopez Zacarias does not contest the IJ's conclusion that a social group so specific that it is comprised of only one person is not a group. Lopez Zacarias's argument that Francisco Rodas perceives men who date his sister as a group fails because a "particular social group is determined by the perception of the society in question, rather than by the perception of the persecutor." *Rios v. Lynch*, 807 F.3d 1123, 1127 (9th Cir. 2015) (citation and quotation marks omitted). Lopez Zacarias's arguments to the contrary are unpersuasive.

Finally, substantial evidence also supports the IJ's conclusion that Francisco Rodas's assault did not rise to the level of persecution. The IJ dismissed Lopez Zacarias's testimony that the assault lasted 15 or 16 minutes as incredible, and instead found the report to the Justice of the Peace to be the most credible account of the facts. In that account, Lopez Zacarias claimed that Francisco Rodas punched him a few times. Absent more, a few punches does not constitute persecution. *See Aden v. Wilkinson*, 989 F.3d 1073, 1082 (9th Cir. 2021) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995)).

Lopez Zacarias fails to meaningfully challenge the IJ's other findings with regard to this incident, and we agree that Lopez Zacarias failed to establish he cannot reasonably relocate to avoid future harm from Francisco Rodas. Substantial evidence supports the IJ's denial of withholding on these facts.

B

Substantial evidence also supports the IJ's conclusion that Lopez Zacarias did not meet his burden to show he cannot reasonably relocate to avoid the uncles of his cousin's wife. Lopez Zacarias successfully avoided the uncles for two years before fleeing to the U.S., suggesting that there are places in Guatemala where he is safe from them. The IJ's denial of Lopez Zacarias's claim for withholding of removal based on his fear of the uncles on this ground is supported by substantial evidence. Because this finding is dispositive, we need not address Lopez Zacarias's other challenges.

II

The IJ did not fail to analyze Francisco Rodas's assault when it denied Lopez Zacarias's CAT claim. The IJ listed that incident when it discussed the factual grounds for his CAT claim, indicating that the IJ considered that evidence. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (en banc). The IJ's failure to specifically discuss that evidence—which is not dispositive

5

here—does not invalidate the IJ's analysis. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (holding that where it is clear that the BIA considered evidence, the BIA need not discuss all nondispositive evidence).

Finally, Lopez Zacarias's claim that the IJ erred in finding no government acquiescence in his torture because the evidence reveals the Guatemalan police are "extremely ineffective," lacks merit. The record does not compel the conclusion that any possible torture Lopez Zacarias may face will be at the hands of, or with the acquiescence of, the Guatemalan government, and he is therefore unable to establish his claim under CAT. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Lopez Zacarias's citation to the Guatemalan country conditions report does not bolster his claim of government acquiescence where the record reveals that the Guatemalan police attempted to bring his assailants to justice. Substantial evidence supports the denial of this claim.

**PETITION DENIED.**